### Riess et al. v. City of Philadelphia.

*Nuisance—Raising grade of alley to abate—Property owners—Petition for viewers—Police power.*

When an alley is declared a nuisance by the Board of Health and the grade of the alley is raised to abate the nuisance, abutting property owners cannot maintain a petition for viewers to assess the damages caused by the change of grade; such action by the city is an exercise of the police power.

Rule to strike off affidavit of defence and motion for judgment upon questions of law. C. P. No. 5, Phila. Co., Dec. T., 1920, No. 7745.

*T. T. Matthews,* for plaintiff.

*John B. Gest* and *Glenn C. Mead,* Assistant City Solicitors, and *Joseph P. Gaffney,* City Solicitor, for defendant.

MARTIN, P. J., April 3, 1925. — Plaintiffs own houses situated upon lots bounded by an alley. This alley was duly declared a nuisance by the Board of Health. For the purpose of abating the nuisance, the level of the alley was raised about eighteen inches.

Plaintiffs filed a petition, praying for the appointment of viewers to assess damages, claiming that their properties were damaged by a change in the grade of the alley.

The City moved to quash the proceedings. The motion was overruled without prejudice, the court desiring to have testimony taken before the viewers and all the necessary facts developed.

The viewers reported that there was no damage to the properties.

Plaintiffs appealed and filed statements of claim with notices calling upon defendant to file affidavits of defence.

It is averred in the statements of claim that the Chief Division of Housing and Sanitation declared the alley to be defectively paved and a nuisance, having a tendency to be prejudicial to the public health; that the Board of Health approved of the action and issued orders to have the necessary work performed in order to abate the unsanitary condition; that the grading and paving of the alley left the properties of the plaintiffs below the physical sur-

face thereof and allowed surface-water to run over and flood the properties, by reason of which plaintiffs claim damages.

The affidavits of defence filed by the City raise the question of law that the claims are against the City for damages resulting from the lawul exercise of its power to abate a nuisance, for which the City is not liable in damages. Plaintiffs moved to strike off the affidavits of defence and for judgment on the record.

It is claimed on behalf of plaintiffs that the delay elapsing from the time that the statements were filed until the filing of the affidavits of defence barred the right of defendant to file affidavits.

Defendant was not required to file affidavits of defence, but it is not barred from so doing. The affidavits are in the form of statutory demurrers, and in filing them defendant is clearly within its rights.

The proceeding was not one for change of grade, but was instituted to abate a nuisance and conducted according to the statute.

Plaintiffs are not entitled to compensation even if there has been physical damage occasioned to the properties by the method pursued in abating the nuisance.

The jury of view, after visiting the location and hearing the testimony, reported that there was no physical damage.

The law does not provide compensation for action by the departments under the police power.

The affidavits set forth a good defence.

And now, to wit, April 3, 1925, the rules to strike off the affidavits of defence are discharged and the affidavits of defence raising questions of law are sustained.